UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHONDRELL CAMPBELL                              CIVIL ACTION

v.                                              NO. 12-2046

STATE OF LOUISIANA, ET AL.                      SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is Shondrell Campbell's petition for writ of mandamus. For the reasons that follow, the petition is DENIED.

**Background**

Shondrell Campbell alleges that she made payment arrangements with the St. John the Baptist Parish District Attorney's Office to satisfy her obligations concerning returned post-dated checks that she had made out to certain vendors. Notwithstanding her contention that she had made "numerous" payments to the District Attorney's Office as agreed, she was arrested; ultimately, a jury rendered a verdict of guilty of one count of issuing a worthless check. She complains that the jury verdict was not supported by the evidence and that she has discovered several prejudicial errors and defects in her trial. She contends that her right to a fair trial was violated and that her requests for a new trial were improperly denied. Her requests that Judge Sterling Snowdy recuse himself from hearing her motion for a new trial and from acting as the sentencing judge were also denied. Her sentencing hearing is apparently scheduled for August 13, 2012.

1

Campbell, pro se, now urges the Court to grant a writ of mandamus; in particular, she requests that the Court vacate certain rulings issued in the St. John the Baptist Parish District Court Division C, including a motion for recusal and motions for a new trial, and she asks that Judge Sterling Snowdy be disqualified from presiding over her upcoming sentencing.

I.

Campbell contends that a writ of mandamus should issue because Judge Snowdy has abused his discretion. In casting her petition as one pursuant to 28 U.S.C. § 1361, Campbell's request for relief fails as a matter of law. Section 1361, on its face, applies only to *federal* officers or agents:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361.

Liberally construed, however, Campbell's petition either asks this Court to review Judge Snowdy's conduct, or seeks injunctive or declaratory relief in that she requests, among other things, that this Court require Judge Snowdy to recuse himself from her upcoming sentencing hearing and that this Court vacate certain rulings he has issued. Either way, she is not entitled to relief in this Court.

The Supreme Court of the Unites States is the only federal court which may sit in appellate review of state court decisions.

District of Columbia, Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). And, a federal court's power to enjoin state court proceedings is limited by the very architecture of our republican system and by law. The Anti-Injunction Act, 28 U.S.C. § 2283 instructs:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Campbell has not shown that this Court has the power to enjoin her state court proceedings; she has not shown that any of the limited exceptions to the Anti-Injunction Act applies to this case. Instead, these types of challenges to state criminal proceedings or confinement are more properly remedied through direct appeal or a writ of habeas corpus. Of course, habeas corpus is not available until the petitioner exhausts her state court remedies.[1]

Accordingly, Campbell's petition is DENIED. The case is hereby dismissed.

New Orleans, Louisiana, August 10, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Campbell suggests in her papers that she has failed to obtain relief through an ordinary motion for post-conviction relief. But Campbell has not shown that she has exhausted her state law remedies for seeking post-conviction relief.

3